IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIAMOND HEALTHCARE | § | |
| CORPORATION | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| GCMC OF WHARTON COUNTY, | § | |
| TEXAS, L.L.C. | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE:

COMES NOW DIAMOND HEALTHCARE CORPORATION ("Plaintiff") and files this Original Complaint against GCMC of Wharton County, Texas ("Defendant"), respectfully stating:

## PARTIES

1.      Plaintiff is a corporation duly organized and existing under the laws of Virginia where it has its principle office and place of business in Richmond, Virginia.

2.      Defendant is a limited liability company organized under the laws of Delaware and has its principle office and place of business in Scottsdale, Arizona. Defendant owns and operates a hospital in Wharton, Wharton County, Texas, for which it contracted with Plaintiff to provide services. Defendant has registered with the Texas Secretary of State and may be served by process herein through its registered agent, Corporation Service Company d/b/a CSC–

Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction of this case pursuant to 28 USC § 1332(a) because this suit involves a controversy between parties of diverse citizenship as noted above and the amount in controversy exceeds $75,000.00.

4.     Personal jurisdiction is proper in Texas in that Defendant conducts business within Texas and specifically contracted with Plaintiff for the rendition of services in Texas.

5.     Venue is proper in this District as the dispute involves services rendered in Wharton County, Texas.

## ALLEGATIONS OF FACT

6.     Since 1985, Plaintiff has been engaged in the business of providing planning, development, and operation of high quality behavioral health services to healthcare organizations ranging from rural or community hospitals to urban medical centers and multi-hospital health systems.   In November, 2009, Plaintiff entered into a Management Agreement ("the Agreement") with Signature Gulf Coast Hospital, L.P. d/b/a Gulf Coast Medical Center ("Signature"), to provide behavioral health management services to a hospital known as the Gulf Coast Medical Center in Wharton, Texas ("the Hospital").  A copy of the Agreement is attached as Exhibit A.

7.     Section 6 of the Agreement provides that Plaintiff was to be paid monthly fixed fees of $9,000.00 for the development and management of an Inpatient Behavioral Health Unit

and $4,000.00 for the development and management of a Structured Outpatient Program at the Hospital. These fees were to be increased by 2% annually. Plaintiff was also to be reimbursed for certain expenses as described in Section 3 of the Agreement.

8.      Plaintiff commenced performance of such services in accordance with the Agreement in November, 2009, which has an initial term of three years and is thereafter automatically renewed unless timely cancelled. In January, 2012, Signature, notified Plaintiff that it had sold the Hospital to Defendant and requested that Plaintiff consent to have the Agreement assigned to Defendant pursuant to Paragraph 16 thereof. Plaintiff agreed to the assignment as evidenced by Exhibit B hereto, which is a copy of the letter requesting the assignment, including Plaintiff's signed consent to the transfer. Accordingly, Defendant assumed the obligations of Signature under the Agreement from and after January, 2012.

9.      The initial term of the Agreement expired on October 31, 2012, with neither Plaintiff nor Defendant giving any notice of its intent not to renew it for an additional year as provided by Paragraph 7 of the Agreement. Thus, the Agreement automatically renewed for an additional year through October 31, 2013.

10.      On November 21, 2012, Defendant sent a letter to Plaintiff advising that Defendant was exercising its right to terminate the Agreement pursuant to Section 8(b) thereof, upon ninety (90) days advance written notice. A copy of the letter so advising is attached as Exhibit C. The letter noted that the "final date of the Agreement shall be February 20, 2013," but expressed an interest in negotiating an agreed final date of January 1, 2013. The parties then commenced negotiations towards an agreed final termination and resolution of the Agreement. At the time, Plaintiff was owed approximately $200,000.00 by Defendant for unpaid management fees and expenses. Defendant proposed a payment plan in connection with its wish

to have Plaintiff agree to a termination date earlier than that required under the Agreement.  The parties even exchanged written proposals entitled "Termination and Settlement Agreement" which proposed to terminate the Agreement in December 2012, and to pay Plaintiff for its past due fees and invoices.  However, Defendant requested that Plaintiff remove its personnel and property from the hospital by December 14, 2012, but has ceased all communications with Plaintiff and has failed and refused to pay Plaintiff any of the money it owes Plaintiff under the Agreement.  Pursuant to Defendant's directions, Plaintiff removed its personnel and ceased providing services to Defendant under the Agreement on December 14, 2012, but Plaintiff never agreed that January 1, 2013 would be the date that Defendant's obligations under the Agreement would cease.  Plaintiff was given no consideration for a termination earlier than the ninety (90) days required by the Agreement.

11.    December 31, 2012 Plaintiff is owed Plaintiff $292,172.03 for past due management fees and expenses pursuant to the Agreement which amount remains unpaid and is due and owing.

## CAUSES OF ACTION

### A. BREACH OF CONTRACT

12.    Plaintiff incorporates the allegations set forth in paragraphs 1 through 11 as pleaded above.

13.    Defendant's failure to pay for the management services and expenses provided by Plaintiff in the past is a breach of the Agreement.  The amount owed for the services and expenses through December 31, 2012, is $292,172.03.  Additionally, pursuant to Section 8d(ii)

of the Agreement, Defendant owes Plaintiff for the pro-rated fixed management fees for January, 2013 through February 20, 2013, in the total amount of $20,705.00.

### B. ATTORNEY'S FEES

14.     Plaintiff incorporates the allegations set forth in paragraphs 1-13 above.

15.     Pursuant to Section 6 of the Agreement, and Section 38.001 et. seq. of the Texas Civil Practices & Remedies Code, Defendant is also liable to Plaintiff for its reasonable and necessary attorney's fees in pursuing collection of the monies owed Plaintiff under the Agreement. As a consequence of Defendant's default, failure, and refusal to pay Plaintiff the sums set forth above, it has become necessary for Plaintiff to retain the services of the undersigned counsel to prepare and prosecute this suit for collection of said sums. Plaintiff would show that at the time of filing of the suit, a reasonable and necessary attorney's fee is approximately $10,000.00. Plaintiff reserves the right to supplement that amount based on the amount of time and expenses reasonably incurred by its counsel in prosecuting this claim through final judgment and any appeals therefrom.

### C. CONDITIONS PRECEDENT

16.     Plaintiff incorporates the allegations set forth in paragraphs 1-15 above.

17.     All conditions precedent to Plaintiff's entitlement to receive the sums owed it as hereinabove set forth have been met.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that:

1.     Defendant be cited to appear and answer herein;

2.      Plaintiff be granted judgment against Defendant in the principle sum of $312,877.03, its reasonable and necessary attorney fees, and for pre and post judgment interest thereon as provided in the Agreement or by applicable law; and

3.      Such other and further relief as to which Plaintiff may show itself justly entitled.

Respectfully submitted,

BOYER JACOBS SHORT
        A Professional Corporation

By:  _____
        Fred W. Stumpf
        Federal Bar No. 5593
        State Bar No. 19447200
        Nine Greenway Plaza, Suite 3100
        Houston, Texas 77046
        713.871.2053  (Telephone)
        713.871.2024  (Facsimile)
        fstumpf@boyerjacobs.com

**ATTORNEYS FOR PLAINTIFF**